# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **ELIZABETH POWELL,** | * |
| **Plaintiff,** | * |
| vs. | * Case No. 14-121 |
| **CITIBANK (SOUTH DAKOTA), N.A.,** | * |
| **Defendant.** | * |

## COMPLAINT

**COMES NOW** Plaintiff Elizabeth Powell, and as her Complaint against the above-described Defendant, assert as follows:

## PRELIMINARY STATEMENT

1. This case arises from the refusal of Defendant to investigate Plaintiff's dispute of a unauthorized credit card account opened fraudulently in her name. Defendant has violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, by failing to properly investigate, failing to properly notify Plaintiff, and in its continued efforts to collect the amounts due under the fraudulent account from Plaintiff.

## JURISDICTION AND VENUE

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1640(e). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## PARTIES

3. Plaintiff is an adult resident of Mobile County, Alabama.

4. Defendant CitiBank (South Dakota), N.A. ("CitiBank") is a corporation with its headquarters in Sioux Falls, South Dakota. CitiBank is the nominal issuer of credit card accounts throughout the United States, including Alabama. It is a subsidiary of Citigroup, Inc. CitiBank is the issuer of the credit card account described herein.

## FACTS

5. In 2007 it came to Mrs. Powell's attention that a CitiBank credit card account was opened in her name without her consent. That account was identified by CitiBank with an account number ending in 6780. (This account is hereinafter referred to as the "CitiBank Account.") When she realized that CitiBank was holding her responsible for sums due under the CitiBank Account, Ms. Powell retained Mobile attorney Gregory B. McAtee to help her dispute the debt and remove it from her credit bureau file. At that point, the account had accrued approximately $2,700 in unauthorized charges and fees. Mr. McAtee submitted multiple written disputes to CitiBank, along with an Affidavit by Ms. Powell and other information establishing that the account was fraudulent. In 2008, in response to Plaintiff's dispute, CitiBank ceased its collection efforts against Ms. Powell. CitiBank removed the disputed account from her credit bureau files and it stopped sending her monthly statements. Ms. Powell assumed that the matter had been resolved.

6. Over the next five years Ms. Powell heard nothing from CitiBank. She received no statements or other documents from CitiBank referencing the account, nor was she contacted by any debt collector regarding the CitiBank Account.

7. However, in March 2013 CitiBank mailed Plaintiff a credit card account statement,

demanding payment on the CitiBank Account. At that point the balance of the account had climbed to $5,484.29. On March 29, 2013, Mr. McAtee submitted a written dispute of the CitiBank Account to CitiBank on Ms. Powell's behalf. In his letter, Mr. McAtee reiterated that the CitiBank Account was fraudulently opened and requested that CitiBank cease its collection efforts against Ms Powell. Mr. McAtee attached the documentation submitted back in 2008 establishing that the CitiBank Account was fraudulently opened in Ms. Powell's name.

8. On April 23, 2013 CitiBank confirmed in a letter that it had "received information you sent regarding the unauthorized use of your Citi® Platinum Select® account." The letter went on to state that CitiBank was "working to resolve your case as quickly as possible and will notify you of the results as soon as our investigation is complete."

9. CitiBank has provided no other correspondence after its April 23, 2013 letter, other than to continue to mail Plaintiff monthly statements demanding payment. CitiBank has not notified Plaintiff of the results of its investigation and it has continued its efforts to collect from Plaintiff sums owed under the CitiBank Account.

## COUNT I
## (FCBA VIOLATIONS)

10. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

11. CitiBank is the "card issuer" with respect to the CitiBank Account, as that term is defined at 15 U.S.C. § 1602(o). Defendant is also the "creditor" as that term is defined at 15 U.S.C. § 1602(g).

12. Plaintiff is a "consumer" and, with respect to said credit card account, is a "card holder" within the meaning of 15 U.S.C. § 1602(i) and (n).

13. Plaintiff's disputes of the above-mentioned unauthorized account constitute notices of a "billing error" within the meaning of 15 U.S.C. § 1666(b).

14. Plaintiff timely provided notice of a billing error dispute within the meaning of 15 U.S.C. § 1666(a).

15. Defendant failed to comply with the requirements of the FCBA in one or more of the following ways:

   A. Failed to conduct any reasonable investigation of the dispute;

   B. Failed to complete its investigation and provide required notices within time allowed by applicable regulations;

   C. Failed to comply with appropriate error dispute resolution procedures;

   D. Failed to cease its efforts to collect the disputed account and charges against Plaintiff after receipt of information which demonstrated that Plaintiff had not authorized the extension of credit; and

   E. Failed to provide the required written notification of its denial of the dispute prior to its decision to continue to hold Plaintiff responsible for the CitiBank Account.

16. As a proximate result of this conduct, Plaintiff has suffered actual damages.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for violations of the FCBA and award Plaintiff the following relief: actual damages, statutory damages;, costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II
## (VIOLATION OF TRUTH-IN-LENDING)

17. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

18. CitiBank's March 2013 billing statement manifests its contention that Plaintiff has continually been liable for the CitiBank Account from its inception to the date of the statement. CitiBank is required by 15 U.S.C. § 1637(b) to provide monthly statements, containing certain specified information, to the person it considers the obligor of the account.

19. For a period of approximately five years, CitiBank failed to provide monthly statements to Plaintiff regarding the CitiBank Account. Had it provided such statements, Plaintiff would have been notified that her dispute had not been resolved back in 2008 and she would have been able to taken action to dispute CitiBank's position earlier.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for multiple violations of TILA Section 1637(b) and award Plaintiff the following relief: actual damages, statutory damages;, costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

KENNETH J. RIEMER
ATTORNEY FOR PLAINTIFF
UNDERWOOD & RIEMER, PC
166 Government Street
Mobile, AL 36602
(251) 432-9212
KJR@AlaConsumerLaw.com
(251) 433-7172 (fax)

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

CITBANK (SOUTH DAKOTA) N.A.
701 E. 60th St. N
Sioux Falls, SD 57104.